UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GIVE AND GO PREPARED FOODS CORP. and GIVE AND GO PREPARED FOODS (U.S.A.) CORP.,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>DOMEX SUPERFRESH GROWERS, LLC, ABC CORPORATIONS 1-10, and JOHN DOES 1-10,<br><br>　　　　　　　　　Defendants. | Case No. _____<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiffs Give and Go Prepared Foods Corp. and Give and Go Prepared Goods (U.S.A.) Corp. (collectively, "Plaintiffs"), by their attorneys, for their complaint against defendant Domex Superfresh Growers, LLC, ABC Corporations 1-10, and John Does 1-10 (collectively, "Defendant"), allege as follows:

## NATURE OF THE ACTION

1. This is a civil action for trademark infringement, unfair competition, deceptive trade practices, trademark dilution, and related claims under federal and New York State law resulting from Defendant's production, exportation, promotion, distribution, offer for sale, and sale of food products in connection with the mark TWO BITE CHERRIES and other TWO BITE- formative marks.

2. Plaintiffs bring this action under the United States Trademark Act (Lanham Act of 1946), 15 U.S.C. § 1051 *et seq.*, and New York State statutory and common law to protect the reputation and integrity of their famous TWO-BITE trademarks, to ensure that the public is not confused, deceived, or misled into buying Defendant's infringing food products bearing the

words TWO BITE (the "Infringing Products") thinking that those spurious products originate with Plaintiffs. Plaintiffs seek permanent injunctive relief and the recovery of actual damages, Defendant's profits, statutory damages, attorney fees, and other relief more fully set forth herein.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1332 and 1338, and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

4. Upon information and belief, Defendant is subject to personal jurisdiction of this Court because it, *inter alia*, promotes and sells food products in supermarkets throughout this District, transacts business within this District, contracts to supply goods within this District, engages in a persistent course of conduct in New York and its environs, and expects, or should expect, its acts to have legal consequences within New York and this District.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, in that Defendant is subject to personal jurisdiction in this District, and the events and omissions giving rise to Plaintiffs' claims occurred, and continue to occur, in this District as well as elsewhere in the United States.

## PARTIES

6. Plaintiff Give and Go Prepared Foods Corp. ("Give and Go") is a corporation organized and existing under the laws of Canada with a principal place of business at 14 Marmac Drive, Unit 200, Etobicoke, Ontario, Canada M9W1E7. Give and Go conducts substantial business in this District and sells a variety of food products under the trademark TWO-BITE throughout the United States.

7. Plaintiff Give and Go Prepared Foods (U.S.A.) Corp. ("Give and Go USA") is a wholly owned subsidiary of Give and Go and exists under the laws of Delaware with a principal place of business at 41 Natcon Drive, Shirley, New York 11967. Give and Go USA distributes, markets, and promotes in the United States food products made by Give and Go and Give and Go USA.

8. Upon information and belief, defendant Domex Superfresh Growers, LLC ("Defendant") is a corporation organized and existing under the laws of the State of Washington with a principal place of business of 151 Low Road, Yakima, Washington 98908. Upon further information and belief, Defendant produces, exports, promotes, distributes, offers for sale, and sells Infringing Products throughout the United States.

9. ABC Corporations 1-10 and John Does 1-10 are corporations and other legal entities and/or individuals whose identities are not presently known to Plaintiffs, and who are also engaged in manufacturing, exporting, promoting, distributing, selling, and/or offering for sale Infringing Products procured from Domex. The Complaint herein will be amended to include the name or names of these individuals as and when such information becomes available.

## PLAINTIFFS' TWO BITE TRADEMARKS

10. For over twenty-five years, Give and Go has been a trusted manufacturer of high-quality and innovative food products. Since at least as early as 1998, Plaintiffs, and their predecessors-in-interest, have been offering food products under a number of marks with the dominant term TWO-BITE, in stylized and standard character formats, including, without limitation, TWO-BITE, TWO-BITE BROWNIES, ORIGINAL TWO-BITE ORIGINAL, ORIGINAL TWO-BITE BROWNIES ORIGINAL (collectively, the "Two-Bite Marks"). Over

this period, Plaintiffs have become renowned for providing high-quality goods under the Two-Bite Marks to meet their customers' needs.

11. Plaintiffs' food products bearing the Two-Bite Marks include brownies, cakes, cupcakes, macaroons, tarts, Danishes, scones, cinnamon rolls, biscuits, cookies, squares, rolls, and buns (the "Two-Bite Products").

12. Plaintiffs' Two-Bite Products are often made with cherries, blueberries, apples, honey, pumpkin, raspberries, lemons, and oranges in the Two-Bite Products including, their popular Two-Bite cherry Danish shown below.



13. Plaintiffs also own nationwide common law trademark rights in the Two-Bite Marks in connection with the Two-Bite Products by virtue of their use of the Two-Bite Marks throughout the United States. Plaintiffs established common law rights in the Two-Bite Marks prior to any date of first use or priority upon which Defendant can rely in relation to its use of a mark bearing the terms TWO BITE.

14. Give and Go is the owner of numerous United States trademark registrations for the Two-Bite Marks, including:

| Registration No. | Mark | Abbreviated Goods |
| --- | --- | --- |
| 2870801 | **TWO-BITE** | Bakery goods, namely squares, biscuits, cookies and cakes. |
| 2766189 | **TWO-BITE BROWNIES** | Brownies. |

| Registration No. | Mark | Abbreviated Goods |
|---|---|---|
| 3161528 | two-bite | Baked goods, namely, brownies, cakes, macaroons, tarts, scones, biscuits, cookies, squares, rolls, and buns. |
| 2870802 | TWO-BITE BROWNIES, JUST HONEST TO GOODNESS, GOODNESS | Brownies. |
| 3150453 | [ORIGINAL two-bite brownies ORIGINAL design] | Baked goods, namely brownies. |
| 3246105 | [ORIGINAL two-bite ORIGINAL design] | Baked goods, namely, brownies, macaroons, scones, biscuits, tarts, cookies, cakes, squares, rolls, and buns. |

The foregoing registrations are collectively referred to as the "Two-Bite Registrations." Current print-outs of information from the electronic database of records of the United States Patent and Trademark Office showing the current status and title of the Two-Bite Registrations are attached as Exhibit 1.

15. Plaintiffs manufacture every Two-Bite Product at their own facilities. Rigorous quality control standards are exercised over the formulation and production of each product.

16. Plaintiffs have undertaken very successful efforts to build goodwill and brand recognition of their Two-Bite Marks. Over the past 25 years, Plaintiffs have invested millions of dollars in ongoing efforts strategically to market, advertise, and promote the Two-Bite Marks in the United States and elsewhere.

17. Plaintiffs use a combination of traditional promotional efforts, direct advertising, word-of-mouth, social media, and unsolicited advertising as vehicles to promote their Two-Bite Products.

AM 68881100.2

18. Two-Bite Products are sold throughout the United States including in supermarkets, grocery stores, convenience stores, wholesale clubs, and similar retail outlets. Consumers will find Two-Bite Products in some of the nation's largest retailers, such as Target and Walmart. Two-Bite Products are also sold online through Amazon.com and Peapod. Plaintiffs also work with large, multinational retailers to co-brand their TWO BITE-branded products, including: Whole Foods, BJ's Wholesale Club, and Kroger. Plaintiffs' Two-Bite Products are sold in the same stores, and sometimes in the same section, as Defendant's Infringing Products.

19. The baked goods products sold by Plaintiffs – which include brownies, cakes, cupcakes, macaroons, tarts, Danishes, scones, cinnamon rolls, biscuits, cookies, squares, rolls, and buns – are often advertised, featured, prepared, and eaten with fruit products. Plaintiffs encourage such combinations, in part, by encouraging retailers to sell their Two-Bite Products alongside fresh fruit and posting recipes on their website and social media that combine Two-Bite Products with cherries, apples, strawberries, raspberries, and peaches.

20. Plaintiffs' promotional efforts have paid off. They have sold hundreds of millions of products bearing the Two-Bite Marks, resulting in over $500 million in sales. Their Two-Bite website at www.twobite.ca has been visited by thousands of U.S. customers. They host social media accounts on Facebook, Pinterest, Instagram, and YouTube. Plaintiffs' loyal customers have organized fan sites devoted to the products bearing the famous Two-Bite Marks.

21. Plaintiffs go to great lengths to police the marketplace and enforce the Two-Bite Marks in order to protect the public from deception and confusion, as well as to protect the core of the company, the employees, the customers, and all who distribute, promote, and sell genuine Two-Bite Products. When they become aware of an infringer, Plaintiffs routinely move to

protect the Two-Bite Marks by confronting the particular problem with what Plaintiffs believe is an appropriate remedy, including cease and desist letters, trademark opposition proceedings, and, if necessary, litigation.

## DEFENDANT'S WILLFUL AND KNOWING CONDUCT

22. Upon information and belief, Defendant is using the trademark TWO BITE CHERRIES, as a word mark and in a stylized format, in United States commerce in connection with fresh fruit, including, without limitation, cherries (collectively, "Defendant's Marks").

23. Defendant owns the following United States trademark applications:

| Application No. | Mark | Goods |
| --- | --- | --- |
| 87457493 | TWO BITE CHERRIES | fresh fruit |
| 87509749 | TWO BITE CHERRIES JUMBO SIZE AND FLAVOR! | fresh fruit |

The foregoing applications are collectively referred to as "Defendant's Applications."

24. On or about July 5, 2017, Defendant filed Amendments to Allege Use in support of Defendant's Applications, claiming first use of Defendant's Marks in United States commerce on July 5, 2017.

25. Upon information and belief, Defendant's packaging shows the mark TWO BITE adjacent to the generic term CHERRIES, which is very similar to Plaintiffs' use of TWO-BITE on their packaging of related food products. For example, on the packaging of Plaintiffs' TWO-BITE blueberry scones, the mark TWO-BITE is adjacent to the generic term BLUEBERRY.

26. Defendant's filing dates for Defendant's Applications, and the priority dates upon which Defendant may rely, are long after Plaintiffs first began using the Two-Bite Marks in

7

United States commerce and long after Plaintiffs' Two-Bite Marks became famous in the United States.

27. The goods sold by Defendant under Defendant's Marks, and the goods identified in Defendant's Applications, namely, fresh fruit, are related to the goods sold under the Two-Bite Marks.

28. Moreover, the goods sold under Defendant's Marks are advertised, purchased, served, and consumed with the types of products sold by Plaintiffs, and are thus complementary to the goods sold under the Two-Bite Marks. Defendant routinely posts on its website and its social media accounts recipes that combine its fresh fruit products with the types of products Plaintiffs sell.

29. Upon information and belief, the channels of trade through which Defendant has sold its Infringing Products in the United States include supermarkets, grocery stores, convenience stores, wholesale clubs, and similar retail outlets – the same channels that carry Two-Bite Products.

30. On information and belief, Defendant's Infringing Products have been sold in the same areas of retail stores as Two-Bite Products and therefore are offered to the same consumers of Plaintiffs' closely-related goods.

31. On information and belief, at the end of the 2017 cherry season, Defendant temporarily ceased sales of the Infringing Products. Defendant is expected to resume its sale of the Infringing Products in early June.

32. On November 30, 2017, soon after learning of Defendant's Marks, plaintiff Give and Go, through its attorneys, sent Defendant, through its attorneys, a letter demanding that it stop any use of a mark that incorporates the terms TWO BITE and abandon Defendant's

Applications. Plaintiff Give and Go asked that Defendant respond to the letter by December 11, 2017, but as of the date of this Complaint Defendant has not responded to Give and Go's letter.

33. Defendant received the letter from Give and Go on December 4, 2017, and admits that did not respond in writing to Give and Go's letter. Defendant instead chose to ignore Give and Go's objection.

34. On January 24, 2018, after it became evident that Defendant was ignoring Plaintiffs' letter, Plaintiffs filed a Consolidated Notice of Opposition against Defendant's Applications. That proceeding is currently pending before the Trademark Trial and Appeal Board.

35. Notwithstanding Plaintiffs' repeated objection to Defendant's use and registration of Defendant's Marks, on information and belief, Defendant continues to advertise products bearing the Two-Bite Marks and made preparations to resume exporting, distributing, offering for sale, and selling products bearing Defendant's Marks.

36. In or about April 2018, months after Defendant had actual knowledge of Plaintiffs' incontestable Two-Bite Registrations, Defendant announced that it was relaunching and expanding the sale of their TWO-BITE-branded fruit products in the summer of 2018, which includes a national marketing campaign, increased social media engagement, and related marketing promotions.

37. Upon information and belief, during the 2017 cherry season, Defendant sold fruit products bearing Defendant's Marks throughout the United States, including sales within this District, and in or about early June 2018, Defendant will resume such sales.

38. By producing, exporting, promoting, distributing, offering to sell, and selling products that are related and complimentary to Plaintiffs' products and bear marks that wholly

incorporate Plaintiffs' incontestable TWO-BITE marks, Defendant is, on information and belief, seeking to take unfair advantage of the goodwill and brand recognition in the Two-Bite Marks that Plaintiffs have developed over the past two decades.

39. Despite actual and constructive knowledge of the Two-Bite Marks, Defendant continues to produce, and promote, and is preparing to distribute, offer for sale, and sell the Infringing Products in this District and throughout the United States.

40. Upon information and belief, Defendant, as a result of the foregoing acts, intentionally, willfully, and knowingly adopted trademarks that are virtually identical to the Two-Bite Marks in, *inter alia*, an effort to trade on Plaintiffs' goodwill and fame of the Two-Bite Marks.

41. Plaintiffs have not at any time authorized Defendant to produce, export, promote, distribute, offer for sale, or sell food products bearing the Two-Bite Marks or marks that resemble the Two-Bite Marks.

42. Defendant's use of trademarks that are virtually identical to the Two-Bite Marks is likely to mislead and to cause confusion, mistake, and deception of the relevant purchasing public as to the origin of the Infringing Products, and is likely to deceive purchasers into believing that the Infringing Products originate from, are associated with, or are otherwise authorized by Plaintiffs, all to the damage and detriment of Plaintiffs, Plaintiffs' reputation and goodwill and for the unjust enrichment of Defendant.

43. Defendant's use of Defendant's Marks on or in connection with the production, exportation, manufacture, promotion, distribution, offer for sale, and sale of the Infringing Products is causing immediate and continuing irreparable harm to Plaintiffs and will continue to do so unless restrained by this Court.

## COUNT I

### Trademark Infringement (15 U.S.C. § 1114)

44. Plaintiffs reallege and incorporate here by reference the allegations set forth above.

45. Plaintiffs' federally registered Two-Bite Marks, and the goodwill of the business associated with them in the United States and throughout the world, are of great exclusive and incalculable value.

46. The Two-Bite Marks are highly distinctive and arbitrary and have become associated in the public mind with food products of the highest quality that originate exclusively with Plaintiffs.

47. Without Plaintiffs' authorization or consent, and having knowledge of Plaintiffs' prior rights in the Two-Bite Marks, Defendant produced, exported, promoted, distributed, offered for sale, and sold in commerce the Infringing Products bearing Defendant's Marks.

48. Defendant produced, exported, promoted, distributed, offered for sale, and sold in commerce food products bearing a spurious TWO BITE marks which are identical to, or substantially indistinguishable from, Plaintiffs' federally registered Two-Bite Marks, which cover closely-related and complementary food products.

49. Defendant's infringing acts as alleged herein are likely to cause confusion, mistake, and deception among consumers as to the affiliation, connection, or association of Defendant with Plaintiffs, and as to the origin, sponsorship, or approval of Defendant's Infringing Products by Plaintiffs, all to the damage and detriment of Plaintiffs and their reputation, goodwill, and sales.

50. Defendant's acts constitute trademark infringement and counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

51. Upon information and belief, Defendant intends to continue its infringing acts, and will continue willfully to infringe the Two-Bite Marks, unless restrained by this Court.

52. As a direct and proximate result of Defendant's conduct, Plaintiffs have suffered irreparable harm and have no adequate remedy at law from the harm caused by Defendant's acts as alleged herein. Unless Defendant is permanently enjoined by this Court, Plaintiffs will suffer irreparable harm.

## COUNT II
### False Designation of Origin and Unfair Competition (15 U.S.C. § 1125(a))

53. Plaintiffs reallege and incorporate here by reference the allegations set forth above.

54. Defendant's production, exportation, promotion, distribution, offer for sale, and sale of the Infringing Products bearing the TWO BITE marks, as alleged herein, is likely to cause confusion or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant's Infringing Products or as to the origin, sponsorship, or approval of the goods bearing Defendant's Marks by Plaintiffs.

55. Defendant's acts constitute a false designation of origin, false and misleading descriptions and representations of fact, and unfair competition, all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

56. Plaintiffs have been damaged, and are likely to be damaged, by the false description and representations as to the source of Defendant's spurious products, because there is a substantial likelihood that consumers will be confused as to the source, sponsorship and affiliation of such products and because purchasers will believe such products originate with Plaintiffs instead of Defendant.

57. Defendant's aforementioned acts have been and continue to be done with intent to cause confusion, mistake, and deception concerning source and sponsorship of Defendant's Infringing Products.

58. As a direct and proximate result of Defendant's conduct, Plaintiffs have suffered irreparable harm and have no adequate remedy at law from the harm caused by Defendant's acts as alleged herein. Unless Defendant is permanently enjoined by this Court, Plaintiffs will suffer irreparable harm.

## COUNT III
### Federal Trademark Dilution (15 U.S.C. § 1125(c))

59. Plaintiffs reallege and incorporate here by reference the allegations set forth above.

60. Plaintiffs' Two-Bite Marks are distinctive and are "famous" within the meaning of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c). The marks registered under the Two-Bite Registrations were famous prior to any priority date upon which Defendant may rely.

61. Defendant's production, exportation, promotion, distribution, offer for sale, and sale in commerce of Infringing Products dilutes the distinctiveness and renown of the Two-Bite Marks.

62. Defendant's production, exportation, promotion, distribution, offer for sale, and sale in commerce of Infringing Products constitutes dilution by tarnishment by creating an association between Plaintiffs' Two-Bite Products bearing the Two-Bite Marks that harms the reputation of Plaintiffs' famous Two-Bite Marks.

63. Upon information and belief, Defendant has been and is continuing to knowingly and willfully trade on Plaintiffs' reputation and the goodwill of the Two-Bite Marks, thereby

diluting and blurring the distinctiveness and renown of the Two-Bite Marks, as well as tarnishing the reputation and goodwill of Plaintiffs' famous Two-Bite Marks.

64. Upon information and belief, Defendant is aware that its use of copies and colorable imitations of the Two-Bite Marks on the Infringing Products is without the authorization of Plaintiffs.

65. Plaintiffs have no adequate remedy at law. If Defendant's activities are not enjoined, Plaintiffs will suffer immediate and continuing irreparable harm and injury to their business, to their reputation, and to the goodwill and distinctiveness in the Two-Bite Marks.

## COUNT IV
### Trademark Infringement Under New York Common Law

66. Plaintiffs reallege and incorporate here by reference the allegations set forth above.

67. Plaintiffs own all right, title, and interest in and to the Two-Bite Marks, including all common law rights in such marks.

68. The aforesaid acts of Defendant constitute trademark infringement in violation of the common law of the State of New York.

69. Upon information and belief, by its acts, Defendant has made and will make substantial profits and gains to which it is not in law or equity entitled.

70. Upon information and belief, Defendant intends to continue its willfully infringing acts unless restrained by this Court.

71. Defendant's acts have damaged and will continue to damage Plaintiffs, and Plaintiffs have no adequate remedy under law.

## COUNT V
### Unfair Competition Under New York Common Law

72. Plaintiffs reallege and incorporate here by reference the allegations set forth above.

73. With knowledge of the fame and distinctiveness of Plaintiffs' federally registered Two-Bite Marks, Defendant intends to and did trade on the goodwill associated with the Two-Bite Marks by producing, exporting, promoting, distributing, offering for sale, and selling products that are closely-related and complementary to the products sold under the Two-Bite Marks.

74. Defendant's acts as alleged herein are likely to cause confusion, mistake, deception to consumers as to the affiliation, connection, or association of Defendant with Plaintiffs, and as to the origin, sponsorship, or approval of the Infringing Products by Plaintiffs all to the detriment and damage of Plaintiffs and the unjust enrichment of Defendant.

75. Plaintiffs have no adequate remedy at law. If Defendant's activities are not enjoined, Plaintiffs will suffer immediate and continuing irreparable harm and injury to their reputation and to the goodwill and distinctiveness in the Two-Bite Marks.

## COUNT VI
### Injury to Business Reputation and Dilution Under New York Law
### (New York General Business Law § 360-l)

76. Plaintiffs reallege and incorporate here by reference the allegations set forth above.

77. The aforesaid acts of Defendant have diluted, and will likely continue to dilute, the unique and distinctive quality of the Two-Bite Marks and are likely to injure Plaintiffs' business reputation, in violation of New York General Business Law § 360-l.

78. Defendant knew and intended its acts to dilute the Two-Bite Marks and to injure Plaintiffs' business and reputation.

AM 68881100.2

79. The aforesaid acts of Defendant have caused, and will continue to cause, great and irreparable injury to Plaintiffs, and unless said acts are restrained by this Court, Plaintiffs will continue to suffer great and irreparable injury.

80. Defendant's acts have damaged and will continue to damage Plaintiffs, and Plaintiffs have no adequate remedy under law. Plaintiffs are therefore entitled to injunctive relief.

## COUNT VII
### Deceptive Trade Practices
### (New York General Business Law § 349)

81. Plaintiffs reallege and incorporate here by reference the allegations set forth above.

82. Defendants' aforementioned acts constitute misleading and deceptive trade practices under New York General Business Law § 349.

83. As a direct and proximate result of Defendant's conduct, Plaintiffs have suffered and will continue to suffer great damage to their business, goodwill, reputation, and profits while Defendant profits at their expense.

84. Plaintiffs have suffered irreparable harm and have no adequate remedy at law from the harm caused by Defendant's acts as alleged herein. Unless Defendant is permanently enjoined by the Court, Plaintiffs will continue to suffer irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendant as follows:

1. Finding that: (i) Defendant has violated Section 32 of the Lanham Act, 15 U.S.C. § 1114, and Section 43(a) and (c) of the Lanham Act, 15 U.S.C. §§ 1125(a) and (c); (ii) Defendant has engaged in unfair competition, false designation of origin, and dilution under federal law and common law of the State of New York; (iii) Defendant has engaged in trademark

infringement and unfair competition under the common law of the State of New York; (iv) Defendant has violated N.Y. Gen. Bus. Law §360-1; and (v) Defendant has violated N.Y. Gen. Bus. Law §360-1; and (vi) Defendant has been unjustly enriched in violation of the common law of the State of New York.

2. Granting an injunction permanently restraining and enjoining Defendant, its officers, agents, employees and attorneys, and all those persons or entities in active concert or participation with them, or any of them anywhere, from:

(a) producing, exporting, advertising, marketing, promoting, supplying, distributing, selling, or offering for sale any products which bear the Two-Bite Marks, or any other mark substantially or confusingly similar thereto, including, without limitation, the Infringing Products, and engaging in any other activity constituting an infringement of any of Plaintiffs' rights in the Two-Bite Marks or any other trademark owned by Plaintiffs;

(b) passing off, inducing, or enabling others to sell or pass off any product as products produced by Plaintiffs, which are not in fact Plaintiffs' products, or not produced under the control and supervision of Plaintiffs and approved by Plaintiffs for sale under the Two-Bite Marks;

(c) engaging in any other activity constituting unfair competition with Plaintiffs, or acts and practices that deceive the public and/or the trade, including, without limitation, the use of designations and indicia associated with Plaintiffs;

(d) engaging in any activity that will diminish the unique and distinctive quality of the Two-Bite Marks and harm the reputation and goodwill in the Two-Bite Marks;

(e) otherwise competing unfairly with Plaintiffs in any manner; and

      (f)    shipping, delivering, transferring, or otherwise disposing of, in any manner, products or inventory which bear Plaintiffs' Two-Bite Marks or any mark confusingly similar thereto.

3. Ordering Defendant to expressly abandon Defendant's Applications.

4. Directing that Defendant remove any simulation, reproduction, counterfeit, copy, or colorable imitation of the Two-Bite Marks, or any mark confusingly similar thereto, from any and all advertising in any medium and/or websites under its control, including, but not limited to www.superfreshgrowers.com.

5. Directing that Defendant deliver to Plaintiffs' counsel for destruction at Defendant's cost all signs, products, packaging, promotional and advertising material, catalogs, and any other items that bear, contain, or incorporate any simulation, reproduction, counterfeit, copy, or colorable imitation of the Two-Bite Marks.

6. Directing other such relief as the Court may deem appropriate to prevent the public from receiving any erroneous impression that any product at issue in this case, that has been produced, exported, advertised, marketed, promoted, supplied, distributed, sold, or offered for sale by Defendant, has been authorized by Plaintiffs, or is related to or associated in any way with Plaintiffs or their products.

7. Directing Defendant to file with the Court and serve upon Plaintiffs, within thirty (30) days after service upon Defendant of this Court's final judgment issued in this action, a statement, signed under oath, setting forth the manner and form in which Defendant has complied with the injunction herein.

8. Directing that Defendant account to and pay over to Plaintiffs all profits realized by its wrongful acts and directing that such profits be trebled, as provided by law.

AM 68881100.2

9. Awarding Plaintiffs their actual damages in the amount to be proven at trial and punitive damages in an amount to be proven at trial.

10. Awarding Plaintiffs their costs, attorney fees, and investigatory fees and expenses to the full extent provided for by and relief under 15 U.S.C. §§ 1116-1118 and N.Y. Gen. Bus. Law §§ 349 and 360-l.

11. Awarding Plaintiffs pre- and post-judgment interest on any monetary award made part of the judgment against Defendant.

12. Awarding Plaintiffs such additional and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule 38(d), Plaintiffs hereby demand a jury trial on all issues so triable that are raised by this Complaint.

LOCKE LORD LLP

Dated: June 4, 2018     By: _____
Matthew T. Furton (*pro hac vice* forthcoming)
H. Straat Tenney (HT 1224)
LOCKE LORD LLP
200 Vesey Street, 20th Floor
New York, New York 10281
*Attorneys for Plaintiffs Give and Go Prepared Foods, Corp. and Give and Go Prepared Foods (U.S.A.), Corp.*

19

AM 68881100.2